UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE EVANS,

    Plaintiff,

v.

ROBERT FOX, et al.

    Defendants.

No. 2:16-cv-1997-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On November 14, 2017, the court dismissed plaintiff's complaint with leave to amend after finding that it failed to state a viable claim upon which relief could be granted. ECF No. 10. Plaintiff has filed an amended complaint (ECF No. 13) which is before the court for screening.

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff alleges that, between 2013 and 2014 and while incarcerated at California Medical Facility, he was in an Enhanced Out-Patient program for mental health issues. ECF No. 13 at 4. He claims that defendants Bjornsen, Wong, Lassiter, Ballenger, Tabbs, and other unidentified correctional officers made "untrue statements" and used other inmates to carry out assaults against any inmates who filed grievances against them. *Id.* Plaintiff also alleges that these defendants "singled [him] out" and directed unspecified slurs at his family members, thereby causing him mental pain. *Id.*

Plaintiff filed several grievances against the aforementioned defendants. *Id.* at 5. He claims that defendant appeal coordinators used their positions to delay and destroy these grievances, however. *Id.* Plaintiff alleges that these efforts prevented effective investigation into an assault on his person by another inmate. *Id.*

As with the original complaint, the amended complaint fails to state a cognizable claim. First, as the court noted in its previous order, stand - alone verbal harassment does not give rise to a viable Eighth Amendment claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Thus, plaintiff's claim that the defendants directed unspecified slurs against his family members fails.[1] Second, plaintiff's allegation that unnamed defendants interfered with his prison grievances does not state a viable claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (an inmate's "claimed loss of a liberty interest in the processing of his appeals does not [amount to a protected liberty interest] because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Third, plaintiff's failure to protect claim fails to allege facts necessary to establish such a claim. He appears to allege that the assault on him by another inmate was either directed or, at the very least, permitted by defendants Lassiter, Bjornsen, Wong, Ballenger, Mortemayer, Tabbs, and various unidentified officers. ECF No. 13 at 5. Beyond referring to the attack as a "lock in a

---

[1] This claim for verbal harassment fails even if construed as a First Amendment retaliation claim. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that mere verbal threats, even if issued to deter claimant from accessing courts, do not give rise to a First Amendment claim).

sock," plaintiff fails to provide any detail regarding this incident. *Id.* He does not, for instance, describe the time and location of the assault or, importantly, how each of the defendants was specifically and personally involved. Thus, to the extent plaintiff seeks to raise a failure to protect or retaliation claim based on this incident, he fails to allege facts necessary to support such a claim.

## Leave to Amend

The only remaining question is whether to grant plaintiff further leave to amend his complaint. As noted *supra*, the current complaint represents plaintiff's second attempt at stating a potentially cognizable claim. The court will grant plaintiff one **final** opportunity to amend his complaint to state a cognizable claim.

If plaintiff chooses to amend his complaint he is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). In particular, any claim predicated on the alleged assault by another inmate must include facts demonstrating that the defendants were somehow involved in the attack. Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 13) is dismissed with leave to amend within 30 days. Any newly filed amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim, the court will proceed with service of process by the United States Marshal.

DATED: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE