UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE EVANS,

    Plaintiff,

v.

ROBERT FOX, et al.

    Defendants.

No. 2:16-cv-1997-EFB P

ORDER SCREENING SECOND AMENDED COMPLAINT

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. After two dismissals for failure to state a claim upon which relief could be granted (ECF Nos. 10 & 16), plaintiff has filed a second and a third amended complaint (ECF Nos. 17 & 18), which the court must screen.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Analysis</u>

Plaintiff's second amended complaint is identical to the first amended complaint, apart from the addition of fifteen handwritten pages. Similarly, the third amended complaint is identical to the second amended complaint, apart from the addition of various exhibits. Plaintiff alleges that, between 2013 and 2014 and while incarcerated at California Medical Facility, he was in an Enhanced Out-Patient program for mental health issues. ECF No. 17 at 4. He claims that defendants Bjornsen, Wong, Lassiter, Ballenger, Tabbs, and other unidentified correctional officers made "untrue statements" and used other inmates to carry out assaults against any

2

inmates who filed grievances against them. *Id.* Plaintiff also alleges that these defendants "singled [him] out" and directed unspecified slurs at his family members, thereby causing him mental pain. *Id.* Plaintiff filed several grievances against the aforementioned defendants. *Id.* at 5. He claims that defendant appeal coordinators used their positions to delay and destroy these grievances, however. *Id.* Plaintiff alleges that these efforts prevented effective investigation into an assault on his person by another inmate. *Id.*

The court previously informed plaintiff that these allegations fail to state a cognizable claim, as neither stand-alone verbal harassment nor interference with prison grievances states a viable claim. *See* ECF No. 10 at 3; ECF No. 16 at 3. In addition, the court previously informed plaintiff that any failure to protect claim fails to allege facts necessary to establish such a claim. *See* ECF No. 16 at 4 (noting that plaintiff "does not, for instance, describe the time and location of the assault or, importantly, how each of the defendants was specifically and personally involved.").

The fifteen-page supplement attached to the second amended complaint is difficult to decipher. The sentences are incomplete and hard to follow, making unexplained and frequent references to the terms "thousands," "whiskey" and "visibles." ECF No. 17 at 11-26. The allegations are also nonsensical, for example, "I can feel T.V. movies on me my body I can feel movies on T.V. change when change channels on my stomach staff's put machine's on me." *Id.* at 14.

However, the supplement does offer some vague examples of the verbal abuse directed at plaintiff. *Id.* at 10-26. It also alleges that plaintiff cut himself, lost weight, and was transferred to a crisis bed. *Id.* at 12. In an abundance of caution, the court will grant plaintiff a *final* opportunity to amend to cure these deficiencies and specify which defendants made which comments and when, and show that the offending comments were—as plaintiff concludes--"gross even for a prison setting and were calculated to and did cause him psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *see also Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("We are mindful of the realities of prison life, and while we do not approve,
/////

we are fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.") (internal quotations omitted).

Plaintiff's supplement also repeatedly references an instance of "poured cooking oil," but does not state who poured the cooking oil on him or whether it was done intentionally. If these allegations relate to the failure to protect claim that was previously screened out, plaintiff must allege as much in an amended complaint and specify how each of the defendants was specifically and personally involved. If these allegations are new and unrelated to those in the prior complaints, they must be raised in a new action, as plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Leave to Amend

If plaintiff chooses to file an amended complaint, he shall not simply re-file the deficient complaint for a third time. He must draft a new complaint and attempt to cure the numerous deficiencies identified herein. Any amended complaint must also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

4

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Conclusion

Accordingly, IT IS HEREBY ORDERED that the second and third amended complaints (ECF Nos. 17 & 18) are dismissed with leave to amend within 30 days. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE