UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE EVANS,

    Plaintiff,

v.

ROBERT FOX, et al.,

    Defendants.

No. 2:16-cv-1997-EFB

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a fourth amended complaint. ECF No. 22.[1]  For the reasons that follow, the court must dismiss several claims but should allow some to proceed.

**I.    Screening Requirements and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Plaintiff's multiple filings have caused confusion which warrants some clarification. The fourth amended complaint is captioned "third amended complaint." ECF No. 22 at 1. On September 19, 2019, plaintiff again filed the exact same document, which has been docketed as "fifth amended complaint." ECF No. 24. The same day, plaintiff filed a motion for extension of time to file a "third amended complaint," which was dated April 23, 2019. ECF No. 23. It is not clear that plaintiff is aware that his fourth amended complaint was filed on June 27, 2019. Accordingly, the court will deny the motion for extension of time without prejudice and direct the Clerk of Court to strike the "fifth amended complaint" (which is an exact duplicate of the fourth amended complaint) and send plaintiff a copy of the docket.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Screening Order**

Plaintiff has not stated cognizable claims against defendants Fox, Zometa, Ballenger, Tabbs, and the Doe defendants.

Plaintiff alleges generally that Fox, the institution's warden, failed to ensure that grievances were properly processed and received meaningful review. These allegations lack sufficient facts to state a claim for relief. Moreover, as the court has informed plaintiff

2

previously, prisoners lack a constitutional entitlement to a specific grievance procedure and thus this claim fails. ECF No. 16 at 3, citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff vaguely alleges that Zometa, who had been assigned to review staff complaints filed by plaintiff, "improperly denied Plaintiff procedural due process." ECF No. 22 at 7. This claim fails for the same reasons as the claim against Fox – plaintiff has not provided sufficient facts for the court to determine how plaintiff's rights were allegedly violated, and, under Ninth Circuit precedent, plaintiff cannot pursue a due process claim based on the processing of his prison grievance.

Plaintiff alleges that Ballenger told him, "I want your daughter to suck my penis between my legs" and called one of plaintiff's sisters a "bitch." *Id.* at 6, 13. Plaintiff claims that these statements were made in retaliation for plaintiff's staff complaints against Ballenger and other staff. The court has informed plaintiff twice that such verbal harassment alone does not violate the Eighth Amendment. ECF No. 10 at 3; ECF No. 16 at 3. The court has also informed plaintiff that such verbal harassment does not give rise to a First Amendment retaliation claim. ECF No. 16 at 3, n.1.

Plaintiff alleges that a number of Doe defendants made lewd comments to him and/or failed to process his inmate grievances properly. These claims fail because, as previously stated, lewd comments alone do not violate the Constitution and because plaintiff lacks a Constitutional entitlement to a specific grievance procedure.

Plaintiff lists Tabbs as a defendant but the complaint contains no allegations against him. Thus, Tabbs must be dismissed.

Because plaintiff has had several opportunities to state viable claims against these defendants and has not done so, the above claims should be dismissed without leave to amend. *See* ECF No. 16 at 4 (providing plaintiff with "one **final** opportunity" to state viable claims).

For the limited purposes of screening under § 1915A, plaintiff has stated potentially cognizable claims against defendants Montemayor, Bjorson, Wong, and Lasseter (alleged to be correctional officers at the California Medical Facility) for violating his Eighth Amendment rights. Plaintiff alleges that each of these defendants made egregious statements to him, either

telling plaintiff to kill himself or threatening to kill plaintiff. While verbal harassment is usually not sufficient to state an Eighth Amendment claim, the Ninth Circuit has left open the possibility that comments that are "unusually gross even for a prison setting" and are "calculated to and [do] cause . . . psychological damage" may violate that provision. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Accordingly, plaintiff's Eighth Amendment claims against these defendants based on these egregious alleged statements should proceed past screening.[2]

Plaintiff has asserted First Amendment retaliation claims against Bjorson, Wong, and Lasseter based on the same statements. These claims fail, as verbal threats do not give rise to a First Amendment claim, and should be dismissed without leave to amend. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987); ECF No. 16 at 3, n.1.

**III.    Order and Recommendation**

For the foregoing reasons, it is hereby ORDERED that:

1. The Clerk of Court randomly assign a United States District Judge to this action;
2. The Clerk of Court strike the "fifth amended prisoner civil rights complaint" filed on September 19, 2019 (ECF No. 24);
3. The Clerk of Court send a copy of the docket in this action to plaintiff at his address of record; and
4. Plaintiff's September 19, 2019 motion for extension of time (ECF No. 23) is denied without prejudice.

Further, it is RECOMMENDED that:

1. Plaintiff's claims against defendants Fox, Zometa, Ballenger, Tabbs, and Does 1-50 be dismissed without leave to amend;
2. Plaintiff's First Amendment claims against defendants Wong, Lassiter, and Bjorson be dismissed without leave to amend; and

---

[2] Plaintiff also complains of some additional crude comments allegedly made by defendants Bjorson ("that he wanted to fuck [plaintiff's] sister Annette" (ECF No. 22 at 6)), Wong (that plaintiff's sisters were "bitches" and that Wong wanted to pour cooking oil all over plaintiff's head (*id.* at 5)), and Lasseter (that plaintiff's sisters were "bitches" (*id.* at 15)). These alleged comments do not rise to the level of egregiousness that, under *Keenan*, may give rise to an Eighth Amendment claim.

4

3. This matter be referred back to the undersigned to effectuate service of plaintiff's Eighth Amendment claims against defendants Montemayor, Wong, Lassiter, and Bjorson pursuant to the Court's E-Service pilot program for civil rights cases for the Eastern District of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE