UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. EVANS,<br><br>            Plaintiff,<br><br>     v.<br><br>K. LASSITER, *et al.*,<br><br>            Defendants. | Case No. 2:16-cv-01997-DAD-JDP (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL<br><br>ECF No. 62 |

Plaintiff brought this action under 42 U.S.C. § 1983 alleging that defendants Lassiter, Montemayor, Bjorson, and Wong violated his Eighth Amendment rights by either threatening to kill plaintiff or urging him to kill himself. ECF No. 26 at 3-4. Defendants have filed a motion to compel arguing that plaintiff failed to adequately respond to their first set of interrogatories and requests for production. ECF No. 62. They argue that plaintiff should be sanctioned and this case be dismissed or, in the alternative, he be directed to adequately answer their requests for production under penalty of sanction. ECF No. 75 at 4. After a lengthy delay, plaintiff has filed an opposition, ECF No. 72, and defendants have filed a reply, ECF No. 75. For the reasons stated below, defendants' motion is granted. I will direct plaintiff to adequately respond to defendants' requests. If he fails to do so, I will recommend that this action be dismissed.

1

## Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## Analysis

Defendants served their discovery requests on October 20, 2021, five days after I lifted the stay on litigation. ECF No. 62-2 at 2. Plaintiff objected to defendants' interrogatories on November 2, 2021, and argued, incorrectly, that the action was still stayed. *See, e.g.*, *id.* at 31. After defendants filed their motion to compel, plaintiff submitted a short opposition which failed to offer any legitimate justification for failing to answer defendants' requests for production. ECF No. 72. Therein, plaintiff argued that he suffers from an unspecified mental impairment and that, during the time his responses were due, prison officials failed to protect him from harm and retaliated against him for protected activity. *Id.* at 2-3. These allegations of official wrongdoing are not accompanied by any specifics. Separately, plaintiff attached cursory, inadequate answers to defendants' requests for production. For instance, in response to defendants' request asking him to identify any writings and recordings supporting his contention that he exhausted administrative remedies, plaintiff simply responded that "[a]s to the orinial (sic) complaint the administrative remedies were exhausted." *Id.* at 6. This is not a sufficient answer. If plaintiff has no documents supporting his claim that he exhausted administrative remedies, he must state as much.

Rather than recommending an immediate, drastic sanction like dismissal of this action, I

2

will direct plaintiff to re-submit answers to defendants' discovery requests. His answers must be delivered in good faith and comply with the federal rules of civil procedure. If he fails to adequately answer defendants' discovery requests, I may recommend that this action be dismissed.

It is ORDERED that:

1. Defendants' motion to compel, ECF No. 62, is GRANTED. Plaintiff must submit answers to defendants' requests for discovery within thirty days of this order's entry. Failure to do so will result in a recommendation that this action be dismissed.

2. The discovery deadline is extended to December 7, 2022. Any motion to compel must be filed by that date. The dispositive motions deadline is extended to February 7, 2023.

IT IS SO ORDERED.

Dated:    October 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE