UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE EVANS, | Case No. 2:16-cv-01997-DAD-JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | ECF Nos. 84 & 88 |
| K. LASSITER, *et al.*, | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendant correctional officers Montemayor, Wong, and Lassiter violated his Eighth Amendment rights by verbally harassing and threatening him. Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies, his claim fails on the merits, and defendants are entitled to qualified immunity. ECF No. 84. Plaintiff opposes the motion and requests appointment of counsel. ECF No. 88. For the reasons set forth below, I will deny plaintiff's motion for counsel and will recommend that defendants' motion for summary judgment be granted on the ground that plaintiff's claim fails on the merits.

**Background**

At all times relevant to this action, plaintiff was housed in the M-1 housing unit at California Medical Facility in Vacaville, California, where defendants were employed as correctional officers. ECF No. 84-4 at 1; ECF No. 84-5 at 1; ECF No. 84-6 at 1. Inmates assigned to the M-1 housing unit were in the Enhanced Outpatient Program ("EOP") of CDCR's Mental Health Services Delivery System. ECF No. 84-4 at 2. Inmates at the EOP level of care have mental health conditions that limit their ability to adjust to and to be housed with the general inmate population. *Id.*

In 1993, plaintiff was diagnosed with schizophrenia, and he has taken medication since that time to limit his auditory hallucinations. ECF No. 84-7 at 12-14. In May 2014, plaintiff claims that his auditory hallucinations got so "out of control" that he was placed in a crisis bed at Stockton Hospital for five months. *Id.* at 15-16.

In April and May 2014—that is, shortly before his transfer to Stockton Hospital—plaintiff claims that each of the three defendants threatened him and made comments that were "not nice." Plaintiff claims that Officer Lassiter told him, "I'm going to kill you, Evans"; stated, "if you're running, you're dead"; and called plaintiff's sisters "bitch words and stuff too." ECF No. 84-7 at 26-27. Plaintiff allegedly replied, "hey, man[—y]ou just threatened me[—t]hat's not nice to talk to me like that," which allegedly led Officer Lassiter to apologize. *Id.* Plaintiff does not allege that Officer Lassiter made physical contact with him, *id.* at 32, and Officer Lassiter denies ever having made the relevant statements. ECF No. 84-6 at 3.

Plaintiff claims that Officer Wong said, "hang yourself," and "I'll pour cooking oil all over you," and called plaintiff's sisters "bitches and all that." ECF No. 84-7 at 33-34. Plaintiff allegedly replied, "hey, that's not nice to talk to me like that." *Id.* Plaintiff does not allege that Officer Wong made physical contact with him, *id.*, and Officer Wong denies having made the relevant statements. ECF No. 84-5 at 3.

Plaintiff claims that Officer Montemayor once told him, "you ain't gonna get out of this prison if you're going to rat"; asked, "you want to get killed or what?"; and told plaintiff, "hang yourself." ECF No. 84-7 at 38. He also allegedly made crude comments about plaintiff's

2

1  daughter.  *Id.*  Plaintiff allegedly replied, "hey, that's not nice to talk to me like that."  *Id.*
2  Plaintiff does not allege that Officer Montemayor made physical contact with him, *id.*, and
3  Officer Montemayor denies ever having made the relevant statements.  ECF No. 84-4 at 2.
4      Plaintiff contends that defendants' statements caused him stress and weight loss, although
5  he provides no documentation to support these contentions.  ECF No. 84-7 at 50.

**Legal Standards**

7      Summary judgment is appropriate where there is "no genuine dispute as to any material
8  fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*
9  *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine
10 only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
11 while a fact is material if it "might affect the outcome of the suit under the governing law."
12 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818
13 F.2d 1422, 1436 (9th Cir. 1987).
14     Rule 56 allows a court to grant summary adjudication, also known as partial summary
15 judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
16 *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
17 56 authorizes a summary adjudication that will often fall short of a final determination, even of a
18 single claim . . . .") (internal quotation marks and citation omitted).  The same standards apply to
19 both a motion for summary judgment and a motion for summary adjudication.  *See* Fed. R. Civ.
20 P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).
21     Each party's position must be supported by (1) citations to particular portions of materials
22 in the record, including but not limited to depositions, documents, declarations, or discovery; or
23 (2) argument showing either that the materials cited do not establish the presence or absence of a
24 genuine factual dispute or that the opposing party cannot produce admissible evidence to support
25 its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
26 materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P.
27 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*
28 *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

1  "The moving party initially bears the burden of proving the absence of a genuine issue of
2  material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
3  moving party must either produce evidence negating an essential element of the nonmoving
4  party's claim or defense or show that the nonmoving party does not have enough evidence of an
5  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
6  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
7  initial burden, the burden then shifts to the non-moving party "to designate specific facts
8  demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
9  376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
10  the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
11  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material
12  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
13  require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec.*
14  *Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

15  The court must apply standards consistent with Rule 56 to determine whether the moving
16  party has demonstrated there to be no genuine issue of material fact and that judgment is
17  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
18  "[A] court ruling on a motion for summary judgment may not engage in credibility
19  determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
20  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
21  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
22  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
23  198 F.3d 1130, 1134 (9th Cir. 2000).

**Discussion**

A.  **Motion for Appointment of Counsel**

26  Plaintiff asks that counsel be appointed because he has mental health issues and because
27  the issues in this case are complex.  Plaintiff does not have a constitutional right to appointed
28  counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court

4

lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

While I am sympathetic to the difficulties plaintiff may be experiencing, these factors alone do not establish exceptional circumstances warranting the appointment of counsel.  Plaintiff was diagnosed with schizophrenia in 1993, yet he has actively litigated this case since 2016.  I do not find the issues in this case so complex as to warrant appointment of counsel.  Plaintiff's motion will therefore be denied.

**B. Defendants' Motion for Summary Judgment**

Plaintiff's Eighth Amendment verbal harassment claim is premised on three separate interactions with defendants in April and May 2014.  According to plaintiff, Officer Lassiter told him, "I'm going to kill you, Evans," and "if you're running, you're dead."  Officer Wong allegedly said, "hang yourself," and "I'll pour cooking oil all over you."  Officer Montemayor is alleged to have said, variously, "you ain't gonna get out of this prison if you're going to rat"; "you want to get killed or what?"; and "hang yourself."  Plaintiff alleges that these were one-time incidents and that none of the defendants touched him.

Defendants argue that none of their alleged statements violate the Eighth Amendment's prohibition on cruel and unusual punishment, noting that allegations of name-calling, verbal abuse, and threats generally fail to support an Eighth Amendment claim.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut*

5

1 *v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats
2 allegedly made by guards failed to state a cause of action).

3 Verbal harassment *may* violate the constitution when it is "unusually gross even for a
4 prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v.*
5 *Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting
6 *Keenan*, 83 F.3d 1083 at 1092). But even taking plaintiff's version of events as true, I find that
7 summary judgment should be entered for defendants because plaintiff makes insufficient showing
8 that defendants' comments were unusually gross even for a prison setting and intended to cause
9 him psychological damage. Moreover, a defendant's threats to kill or harm a plaintiff are
10 insufficient, without more, to impose liability for verbal harassment. *See Bailey v. Soto*, 2019
11 WL 4452970, at *9 (C.D. Cal. July 10, 2019). Here, plaintiff has not submitted any evidence that
12 would elevate defendants' alleged threats to an Eighth Amendment violation. As such, I find that
13 defendants have shown summary judgment in their favor to be appropriate, since the statements
14 attributed to them are insufficient to support liability under the Eighth Amendment. *See Somers*
15 *v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between inmates
16 and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not
17 approve" but which does not violate the Eighth Amendment); *Monroe v. Mortell*, 2022 WL
18 624996, at *7 (E.D. Cal. Mar. 3, 2022), report and recommendation adopted, 2022 WL 1004715
19 (E.D. Cal. Apr. 4, 2022) ("[A] defendant's threats to kill or harm a plaintiff are insufficient,
20 without more, to give rise to a cognizable verbal harassment claim.").

21 Viewing the evidence in the light most favorable to plaintiff, I find that there is no genuine
22 issue of material fact regarding whether defendants violated plaintiff's Eighth Amendment right

6

to be free from cruel and unusual punishment.  Summary judgment should be entered for defendants on plaintiff's Eighth Amendment claim.[1]

**Conclusion**

Based on the foregoing, it is hereby ORDERED that plaintiff's motion for appointment of counsel is DENIED, and

It is hereby RECOMMENDED that defendants' motion for summary judgment be GRANTED.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   November 28, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Because plaintiff has failed to present a triable issue of fact regarding the alleged constitutional violation, I decline to reach defendants' alternative grounds for summary judgment.