UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. LASSITER, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-01997-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 84, 90) |

Plaintiff Gene E. Evans is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 29, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 84) be granted in its entirety.  (Doc. No. 90.)  Specifically, based upon the evidence submitted by the parties on summary judgment, the magistrate judge concluded that the remaining defendants in this action were entitled to judgment in their favor on the merits of plaintiff's claim of verbal harassment in violation of his Eighth Amendment rights.  (*Id.* at 4–7.)  In this regard, the magistrate judge concluded that plaintiff had not submitted any evidence on summary judgment that would elevate defendants' alleged threats directed at plaintiff to the level of an Eighth Amendment violation under controlling legal precedent.  (*Id.* at 5–6.)

1

1     Those findings and recommendations were served on the parties and contained notice that
2 any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) On
3 December 18, 2023, plaintiff filed objections to the pending findings and recommendations.
4 (Doc. No. 91.)[1] In those brief objections, plaintiff repeats both his previously denied request for
5 the appointment of counsel and his contention that he was verbally harassed by the defendant
6 correctional officers in violation of his Eighth Amendment rights. (*Id*. at 1–2.) However,
7 plaintiff's objections provide no basis upon which to question the thorough analysis of the
8 evidence on summary judgment and the applicable law as set forth in the pending findings and
9 recommendations. Therefore, the undersigned concludes that plaintiff's objections do not
10 meaningfully challenge the findings and recommendations or provide any basis upon which they
11 should be rejected.
12     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 304,
13 the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
14 including plaintiff's objections, the court concludes that the findings and recommendations are
15 supported by the record and proper analysis.
16     Accordingly:
17     1.     The findings and recommendations issued on November 29, 2023 (Doc. No. 90)
18             are adopted in full;
19 /////
20 /////

---

[1] On December 18, 2023, plaintiff also filed with the court an unauthorized fifth amended complaint, inaccurately characterized by plaintiff as a third amended complaint, which appears to essentially repeat the allegations of the operative complaint. (Doc. No. 92.) That unauthorized pleading will be disregarded. On that same date, plaintiff filed a letter with the court detailing once again the threats he alleges the defendants and other correctional staff have made toward him. (Doc. No. 93.) Finally, on January 18, 2024, plaintiff filed the cover page of a form petition for writ of habeas corpus accompanied by an additional 123 pages of documents, which are difficult to decipher but appear to address plaintiff's underlying criminal conviction in state court. (Doc. No. 94.) These filings are not relevant to this civil rights action or to the undersigned's consideration of the pending findings and recommendations. If plaintiff wishes to seek collateral review of his underlying state court criminal conviction, he must do so in a separate federal habeas action.

2

2. Defendants' motion for summary judgment (Doc. No. 84) is granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE