UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>K. LASSITER, *et al.*,<br><br>        Defendants. | Case No. 2:16-cv-01997-DAD-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND REOPEN THIS CASE BE DENIED<br><br>ECF No. 97<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this closed civil rights action under 42 U.S.C. § 1983. Plaintiff alleged that defendant correctional officers Montemayor, Wong, and Lassiter violated his Eighth Amendment rights by verbally harassing and threatening him. Defendants moved for summary judgment. ECF No. 84. I recommended a grant of summary judgment in defendants' favor, finding that there was no genuine issue of material fact regarding whether defendants' violated plaintiff's Eighth Amendment rights. ECF No. 90. The district court adopted that finding in full and entered judgment on February 23, 2024. ECF Nos. 95 & 96.

    Approximately one month later, plaintiff filed a motion for counsel and to reopen this

action.  ECF No. 97.  Defendants filed an opposition.  ECF No. 98.  Having considered the record and the briefs, I will deny plaintiff's motion for counsel and recommend that his motion to reopen be denied.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  *See* Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  *See* Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Plaintiff argues that defendants did in fact violate his Eighth Amendment rights by verbally harassing him, that he has exhausted his administrative remedies, and defendants are not entitled to qualified immunity.

Plaintiff has not identified any authority providing a basis for reopening this case, and I find no basis in the record to do so.  His motion fails to present newly discovered evidence that would change the outcome of the court's ruling, fails to show that the court committed clear error, and fails to establish fraud, misrepresentation, or misconduct of either the opposing party or of this court.  The interests of finality and the conservation of judicial resources also do not warrant the use of the extraordinary remedy plaintiff seeks.  *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  "Mere dissatisfaction with court's order or belief that the court is wrong in its decision are not adequate grounds for relief under Rule 60(b)(6)."  *Brown v. Warden*, No 2:10-cv-2040-MCE-KJN P, 2011 WL 2559428, at *2 (E.D. Cal. June 27, 2011).  Accordingly, plaintiff has failed to establish any basis for relief under Rule 60(b) from the court's dismissal order and judgment and thus I recommend that his motion be denied.

Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot find that the appointment of counsel is warranted here. This case is closed, and judgment was entered in favor of defendants; thus, I necessarily find that plaintiff has not succeeded on the merits.

Accordingly, it is hereby ORDERED that plaintiff's motion for counsel, ECF No. 97, is denied.

Further, it is hereby RECOMMENDED that plaintiff's motion to reopen this action, ECF No. 97, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE